**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**AT BECKLEY**

UNITED STATES OF AMERICA

v.                                                     CRIMINAL ACTION NO. 5:23-cr-00167

ALGIE KENYA SCALES

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant Algie Kenya Scales' Letter-Form Motion for Early Termination of Probation [ECF 57], filed June 1, 2026.

**I.**

On August 9, 2024, following his guilty plea to distribution of a quantity of fentanyl, in violation of 21 U.S.C. § 841(a)(1), Mr. Scales was sentenced to five years probation. [ECF 48]. Mr. Scales began serving his probationary term that same date. His term is set to expire on August 8, 2029. Following commencement of Mr. Scales' probation, on February 19, 2025, and September 17, 2025, the Probation Officer filed Noncompliance Summaries, contending Mr. Scales had violated certain terms of his supervision by possessing and using methamphetamine, cannabinoids, cocaine, and fentanyl. [ECF 54, 55].

Respecting the February 2025 violation, Mr. Scales was forthcoming about using the controlled substances, though it was his belief the fentanyl was contained in the methamphetamine he consumed on February 7. [ECF 54 at 2]. He also expressed he had contemplated suicide that same date but did not follow through. [*Id.*]. To assist Mr. Scales with his

mental health issues and obtaining sobriety, the Probation Officer referred Mr. Scales to intensive outpatient therapy with FMRS. [*Id*.]. The Court took no action but requested the Probation Officer determine whether Mr. Scales was interested in Medically Assisted Treatment and, if so, that he might be referred if possible. [*Id*. at 3].

Respecting the September 2025 violation, though Mr. Scales first denied using methamphetamine, he eventually admitted to using the controlled substance on August 22, 2025. [ECF 55]. Mr. Scales was counseled on his poor decision making by his Probation Officer, completed a RACE worksheet to help him identify ways to recognize, avoid, and cope with high-risk situations, and was provided a Relapse Prevention Plan worksheet to complete and return to his Probation Officer. [*Id*. at 2]. Mr. Scales was also enrolled in substance abuse counseling and advised he would obtain additional outpatient treatment services through FMRS. [*Id*.]. The Court again took no action at the request of the Probation Officer. [*Id*.].

Mr. Scales now moves for early termination of his probation, reporting he has completed the substance abuse treatment program through FMRS, has maintained his sobriety, is attending mandatory therapy sessions at Pyramid Counseling, -- which have decreased from four sessions a month to one session -- and is now employed by the Labor's Local 1353 Union, working construction and earning $30.30 an hour. [ECF 57]. He reports he "feel[s] stronger than ever" and is now able to take care of his family given the improvements to his lifestyle and mental health. [*Id*. at 2].

## II.

Pursuant to 18 U.S.C. § 3564, a court may, after consideration of the applicable Section 3553(a) factors, "terminate a term of probation previously ordered and discharge the

defendant . . . at any time after the expiration of one year of probation . . . if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c). The relevant § 3553 factors include, *inter alia*, the nature and circumstances of the offense and the history and characteristics of the defendant; the ability of the sentence to reflect the seriousness of the offense, to afford adequate deterrence to criminal conduct, to promote respect for the law, and to provide just punishment; the need to protect the public from further crimes of the defendant; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a).

After careful consideration of the applicable Section 3553(a) factors and the information provided by Mr. Scales and the Probation Office, the Court concludes early termination of Mr. Scales' probation is not warranted. Mr. Scales' criminal conduct was serious, involving the distribution of fentanyl -- a potent and often deadly controlled substance -- on three separate occasions. Despite the seriousness of his conduct, the Court imposed a generous variant sentence outside of Mr. Scales' calculated 18 to 24 month Guideline range given his successful completion of substance abuse treatment, dedication to his sobriety, his "mental health treatment challenges, the abuse and neglect of an extraordinary nature he suffered" during his childhood and adolescence, and "his employment and life successes[.]" [ECF 50].

Though the Court commends Mr. Scales' continued rehabilitation and employment efforts and recognizes that nine months have lapsed since his last violation, he has only completed twenty-two months of his sixty-month probationary term. The brevity of Mr. Scales' supervision at this juncture is insufficient to afford adequate deterrence to criminal conduct, promote respect for the law, and provide just punishment. This is especially so considering the significant variant

sentence originally imposed. At bottom, the interests of justice do not warrant Mr. Scales' requested relief at this time.

### III.

For the foregoing reasons, Mr. Scales' Motion [**ECF 50**] is **DENIED WITHOUT PREJUICE**, subject to renewal at a later date should circumstances permit.

The Clerk is directed to send a copy of this written opinion and order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:  June 15, 2026

Frank W. Volk
Chief United States District Judge

4